## Gabbard et al. v. Lunsford et al.

December 17, 1948.

Hector Johnson and C. P. Moore for appellants.

J. R. Llewellyn for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellants, Gabbard and wife, plaintiffs below, in their petition alleged that they were the owners and in possession of a described tract of land in Jackson County comprising about 59 acres. Charging that defendants Linda Lunsford and her husband were unlawfully entering upon the land, cutting and removing timber, they prayed for an order perpetually enjoining appellees from further trespassing, and are here asking that they

be adjudged a good title. Defendants, appellees, denied generally and plead that they were the owners and in possession of one acre of the boundary described in the petition.

They allege that the one acre adjoins plaintiffs' boundary, and that they are claiming ownership. Defendants ask that they be adjudged owners of an equitable title to the one acre described in answer. A reply in general denial completed pleadings. Upon submission the chancellor dismissed plaintiff's petition and adjudged defendants to be the equitable owners.

Appellants to prove title introduced a certified copy of a deed to them from Robert Welch and wife of date June 16, 1945, which recites that the tract described was conveyed to Welch by Brewer and wife in January 1943, including the one acre described in controversy. No copy of this deed was exhibited. Oral proof was introduced to the effect that Welch had purchased from Brewer at some previous date, and that Brewer had purchased from Gilbert who had purchased from the heirs of H. C. Fowler, one of whom owned a one-half interest; the other heirs, three or four in number, conveying to the same grantee. This was some time in 1917. There were objections to all testimony in respect of all conveyances except the one manifested by the exhibited deed, on the ground that certified copies constituted the best evidence.

Appellee to sustain her claim testified that she was one of the heirs of Pal Fowler who owned a one-half interest in H. C. Fowler land. She and other heirs conveyed their one-half interest to Gilbert, the consideration being $20 cash to the other heirs, and for her portion Gilbert was to execute her a title bond for the one acre in controversy. She testified, and is fairly well corroborated, that Gilbert executed title bond for the one acre and that the document was left with her sister Mrs. Gilbert among other papers and when search was made for it later it had been lost or destroyed. Brewer who testified for appellant said that while he was in possession Mrs. Lunsford claimed to be the owner of the one acre and produced a deed for him to sign conveying it to her, which he declined to execute. Mrs. Lunsford also introduced proof in an effort to show that she was

the owner by reason of adverse possession, but this proof is fragmentary, and not sufficient to establish title, and besides she did not allege actual adverse possession.

Appellant now contends that the chancellor should have sustained his prayer for injunction, and declared him to be the owner of the described tract. This position cannot be upheld for two reasons, one being that it is well settled that a plaintiff seeking to establish title must sustain his claim either by record title or adverse possession; he must recover on the strength of his title and not upon the weakness of his adversary's title, or the fact that his opponent has no title. Town of Whitesburg v. Baker, 196 Ky. 272, 244 S. W. 686, 688; Hopkins v. Slusher, 266 Ky. 300, 98 S. W. 2d 932, 108 A. L. R. 662.

The oral evidence to establish title was inadmissible. The general rule, and it is elementary, that when title to land is in issue, deeds, patents and other muniments of title constitute the best evidence and parol evidence is not admissible, unless their loss is satisfactorily proven, the exception being in cases where there is the element of fraud. 32 C. J. S., Evidence, sec. 795. Arthur v. Humble, 140 Ky. 56, 130 S. W. 958. Since appellant failed totally to show title in himself he cannot be heard to complain of the judgment dismissing his petition and declaring appellee to be the equitable owner.

Judgment affirmed.