RENDERED:  MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0470-MR

HELEN LAND                                                                APPELLANT

APPEAL FROM SCOTT CIRCUIT COURT
v.         HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 20-CI-00815

BRYAN ZACHARY LAND; CHERYL
L. LAND; KATHERINE Y. SHORT;
AND UNKNOWN SPOUSE OF
KATHERINE Y. SHORT                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE:  Helen Land appeals from the Scott Circuit Court's order

dismissing her quiet title action for failure to state a claim.  Finding no error, we

affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute between siblings over real property owned by their parents. George Land, Jr. and Dorothy C. Land were married and had two children – Helen and Bryan Land. On March 2, 1959, George and Dorothy Land purchased property at 566 Crumbaugh Road in Georgetown, Kentucky (the "Property") in fee simple and with the right of survivorship.

In 1968, George and Dorothy executed a Joint Will (the "Joint Will"). The pertinent terms of the Joint Will are as follows:

> It is the will of each of us that on the death of either of us, all of the property of the deceased party, whether real or personal, and wheresoever situate, shall descend to and become the sole property of the surviving party.
>
> . . .
>
> In the event we should die in a common disaster, or from a common cause, we give, bequeath and devise all of our estate, real and personal, of every kind and description, wheresoever situate, to the surviving children born of our marriage, absolutely and in equal shares and in fee simple.
>
> . . .
>
> This Joint Will is made in performance of a written contract entered into simultaneously with the execution of this Will and by the terms of which each of us contracted with the other to execute this Will; and by the further term of which we, and each of us, contracted that we should not revoke this Will in whole or in part, or attempt to do so.

George and Dorothy also executed a separate agreement on the same day (the "Agreement"). The Agreement was recorded with the Joint Will and stated in pertinent part:

> 1.  That each party shall devise and bequeath to the other all of his or her estate, real and personal property, wheresoever situate, to be the surviving party's property absolutely and in fee simple.
>
> 2.  That in the event the parties hereto shall die in a common disaster, then and in that event, said Last Will and Testament shall provide that all the property of the parties hereto, real and personal, wheresoever situate, shall be the property of the surviving children born of the marriage of the parties hereto, to be theirs absolutely and in equal shares and in fee simple.
>
>     . . . .
>
> 6.  Said Will shall further provide that neither party shall revoke said Will in whole, or in part, nor attempt to do so, except with the written permission of both parties.

While George passed away in 1986, Dorothy lived for approximately thirty more years, passing away on August 26, 2016.

Beginning in 1999 and continuing until 2011, Dorothy divided the Property into separate lots. She transferred ownership of all the parcels to herself, Bryan, and Bryan's wife, Cheryl, in fee simple with the right of survivorship. Additionally, Bryan and Cheryl sold a portion of the Property to Katherine Short in fee simple in 2017 after Dorothy's death.

-3-

On December 29, 2020, Helen filed a complaint requesting, among other relief, that the circuit court enter an order quieting title to the property and determining that she had an ownership interest in the property under the Joint Will. Bryan, Cheryl, and Katherine filed motions to dismiss, and the circuit court held a hearing on March 4, 2021. Thereafter, the circuit court entered an order concluding that Helen's complaint against Bryan, Cheryl, and Katherine had failed to state a claim upon which the court could grant relief related to any interest she may have in the Property. Thus, the circuit court dismissed Helen's quiet title claims with prejudice.

Helen filed a motion for reconsideration, which the circuit court denied on March 28, 2022. This appeal followed.

## ANALYSIS

### a. Standard of Review

An appellate court reviews a motion to dismiss for failure to state a claim *de novo*. *Barnett v. Central Kentucky Hauling, LLC*, 617 S.W.3d 339, 341 (Ky. 2021). Moreover, like the trial court, it must take the material, factual allegations in the complaint as true. *Id.* Indeed, "[i]n ruling on a motion to dismiss, the pleadings should be liberally construed in the light most favorable to the plaintiff[.]" *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. 2009) (citation omitted). Thus, a court properly dismisses a complaint for failure to state a claim

where the plaintiff "appears not to be entitled to relief under any set of facts which could be proven in support of his claim." *Id*. (citation omitted).

### b. Discussion

In Kentucky, "a plaintiff seeking to establish title must sustain his claim either by record title or adverse possession; he must recover on the strength of his title and not upon the weakness of his adversary's title[.]" *Gabbard v. Lunsford*, 308 Ky. 836, 215 S.W.2d 985, 986 (1948).

Thus, we must first determine whether the circuit court correctly dismissed Helen's complaint for failing to allege facts sufficient to establish a claim of title to the Property under the Joint Will. In construing the pleadings in favor of Helen, we will assume that, upon George's death, the Joint Will became irrevocable, and Dorothy could not dispose of the Property in a manner other than under the terms of the Joint Will.

Therefore, we must examine the language of the Joint Will to determine how the parties intended to dispose of the Property under the Joint Will. "[T]he intention of a testator, as gathered from the four corners of the will, is the one to be adopted and enforced by the court" and "in applying that rule, the language that the testator used, and not the language he might have used, controls." *Underwood v. Underwood*, 273 Ky. 654, 117 S.W.2d 596, 598 (1938).

In this case, the Joint Will's language, whether it is read independently or together with the Agreement, is unambiguous: George and Dorothy intended that the surviving spouse receive the entire estate if the spouses did not pass away "in a common disaster" or "from a common cause." While the Joint Will did not use the words "in fee simple," that was clearly what was intended by the phrase "become the sole property of the surviving party."

Moreover, the Joint Will contained no language of intention that the surviving spouse was only to have a life estate in the Property. *See Smith v. Newton*, 308 Ky. 136, 213 S.W.2d 1002 (1948) (the Court found no indication that the parties intended a devise to a married brother to be a life estate based on the clear testamentary language in the joint will). Here, the parties used no language in the Joint Will to designate how the parties intended the remainder of the surviving spouse's property to be distributed. Instead, it is clear from the documents that George and Dorothy meant for the survivor to have full ownership of the Property and to inherit their estates solely, absolutely, and in fee simple. It was only in the event of the spouse's joint death from a "common disaster," or a "common cause" should the children of their marriage share equally in their estates.

Thus, upon George's death thirty years after executing the Joint Will, Dorothy became the owner of his entire estate, including the Property, in fee

simple. The fact that the deed to the Property was held by the spouses jointly with right of survivorship further attests to their intentions regarding their estate plan.

In sum, Helen "appears not to be entitled to relief under any set of facts which could be proven in support" of her claim, and the circuit court properly granted the motion to dismiss her complaint. *Morgan*, 289 S.W.3d at 226 (citation omitted).

## CONCLUSION

For the foregoing reasons, we affirm the Scott Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jason M. Obermeyer
Georgetown, Kentucky

BRIEF FOR APPELLEES:

Meredith Schuh Fannin
John P. Watz
G. Edward Henry, II
Lexington, Kentucky

D. Barry Stilz
Lexington, Kentucky